UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD E. DiPASQUALE,                         **REPORT AND RECOMMENDATION**

                    Plaintiff,

v.                                              15-CV-00565-RJA-JJM

CITY OF BUFFALO;
BUFFALO POLICE DEPARTMENT;
  et al.,

                    Defendants.
_____

      This action has been referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a Report and Recommendation on dispositive motions [7]. Before me is plaintiff's motion for remand this action to State of New York Supreme Court, County of Erie [12]. By Text Order dated July 16, 2015 [13], I required defendants to respond to the motion by July 30, 2015, and set August 20, 2015 for oral argument. Having considered the responses by certain defendants [14, 15], and there being no response by others, I see no need for oral argument. For the following reasons, I recommend that the motion be granted.

## BACKGROUND

      Plaintiff commenced this personal injury action in State of New York Supreme Court, County of Erie on May 14, 2015 [1-3]. On June 26, 2015, defendant Michael V. Miranda, Jr. removed the action to this court based upon federal question jurisdiction, alleging that "[a]ll defendants consent to the removal". Notice of Removal [1], ¶7.

-1-

In moving to remand, plaintiff argues that "one of the[ ] procedural requirements for removal is that the removing defendant has obtained the consent of all defendants, known as the 'rule of unanimity'" (plaintiff's Memorandum of Law [12-8], p. 4), and that although defendant Miranda alleges that "all defendants consented to the removal there was no evidence of that consent submitted . . . . There is therefore no proof submitted to support that co-defendants timely consented to removal which is required to satisfy the rule of unanimity". Id.

## ANALYSIS

"Defendant . . . as the removing party, bears the burden to demonstrate unanimous consent to removal by all parties served. See 28 U.S.C. §1446(b)(2)." Pacy v. Cowen Holdings, Inc., 2012 WL 5305228, *2 (W.D.N.Y. 2012) (Arcara, J.). "All defendants that have properly been served, and are properly joined as parties, must consent to removal in a removal petition filed pursuant to 28 U.S.C. § 1441(a) or otherwise file evidence of their consent to the removal." Id., *1.

Therefore, where "the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period". Metropolitan Transportation Authority v. U.S. Fidelity & Guaranty Co., 2015 WL 1730067, *4 (S.D.N.Y. 2015). See also Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F.Supp.2d 432, 437 (S.D.N.Y. 2006) ("It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may

represent such consent to the Court on its behalf. Failure of any defendant to provide its written

consent within the applicable thirty-day period renders the petition for removal untimely").

Certain defendants have stated that by filing their Notices of Appearance in this

court, they intended to convey their consent to the removal [14, 15]. Even if I were to agree with

that assertion (and I do not), the fact remains that defendant Buffalo Police Benevolent

Association, Inc., which was served on May 26, 2015, has never expressed its consent. *See* Braun

Declaration [12-1], ¶¶5, 12. Since there is no timely written evidence of the all defendants'

consent to removal, "the Notice of Removal is defective . . . and remand is required". <u>Pacy</u>, *3.


## CONCLUSION

For these reasons, I recommend that plaintiff's motion to remand this action to

State of New York Supreme Court, County of Erie [12] be granted. Unless otherwise ordered by

Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of

this court by August 28, 2015 (applying the time frames set forth in Fed. R. Civ. P. ("Rules")

6(a)(1)(C), 6(d), and 72(b)(2)).  Any requests for extension of this deadline must be made to

Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review

of [this] decision".  <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>,

474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments,

case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal</u>

<u>Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED:   August 11, 2015

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge